UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE JEAN KING, | No. 2:15-cv-1081 DB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In March of 2009, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on April 2, 2008. (Transcript

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 7 & 9.)

1

("Tr.") at 276-81.)  Plaintiff's applications were denied initially, (id. at 157-61), and upon reconsideration.  (Id. at 163-74.)  Plaintiff then appeared for a hearing before an Administrative Law Judge ("ALJ"), and on March 10, 2011, the ALJ issued a decision finding that plaintiff was not disabled.  (Id. at 147.)  However, on August 31, 2012, the Appeals Council vacated the ALJ's decision and remanded the matter for further proceedings.  (Id. at 152-55.)

On July 9, 2013, plaintiff again appeared before the ALJ.  (Id. at 88-118.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 88-89.)  In a decision issued on August 26, 2013, the ALJ found that plaintiff was not disabled.  (Id. at 43.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since April 2, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairment: depression, not otherwise specified (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, one and two-step tasks without frequent public contact.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on February 13, 1958 and was 50 years old, which is defined an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

/////

/////

>    9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>    10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
>    11. The claimant has not been under a disability, as defined in the Social Security Act, from April 2, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 29-42.)

On March 19, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's August 26, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 18, 2015. (Dkt. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff asserts that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (Dkt. No. 14) at 6-17.[2]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

/////

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**1. Dr. Bradley Daigle**

Here, plaintiff first challenges the ALJ's treatment of the opinion of Dr. Bradley Daigle. (Pl.'s MSJ (Dkt. No. 14) at 8-9.) In this regard, on May 19, 2010, Dr. Daigle examined plaintiff and completed a "COMPLETE PSYCHIATRIC EVALUATION." (Tr. at 595-600.) The ALJ's decision discussed Dr. Daigle's opinion and afforded the opinion "significant weight," noting that Dr. Daigle opined that plaintiff "had no greater than moderate work-related limitations." (Id. at 37-38.)

Dr. Daigle's opinion, however, also stated that plaintiff's "participation in an employment situation would be spotty at best." (Id. at 599.) The ALJ's decision does not address this aspect of Dr. Daigle's opinion. An "ALJ is not free to disregard properly supported limitations." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2006). Nor may an ALJ ignore the findings of an examining physician; the ALJ must "either accept the opinions . . . or give specific and legitimate reasons for rejecting them." Embrey v. Bowen, 849 F.2d 418, 422 n. 3 (9th Cir. 1988); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n. 10 (9th Cir. 2007); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

Moreover, it is not evident that the ALJ's residual functional capacity ("RFC") determination accounts for Dr. Daigle's apparent finding that plaintiff would be limited to spotty

employment participation. A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record." Id.

Accordingly, the court finds that the ALJ's treatment of Dr. Daigle's opinion constituted error. Plaintiff next challenges the ALJ's treatment of the opinion of Dr. H. Skopee. (Pl.'s MSJ (Dkt. No. 14) at 10.)

### 2. Dr. H. Skopee

In this regard, on June 22, 2010, Dr. Skopee, a nonexamining physician, completed a "MENTAL RESIDUAL FUNCTIONAL CAPACITY ASSESSMENT" form. (Tr. at 619-21.) The ALJ afforded "significant weight" to Dr. Skopee's opinion. (Id. at 38.) Plaintiff argues that the ALJ failed to account for Dr. Skopee's opinion that plaintiff had "limited coping skills and therefore some difficulty with adaptation and in her ability to maintain concentration and persist at day-to-day work activity." (Pl.'s MSJ (Dkt. No. 14) at 10.) The ALJ's RFC, however, limited plaintiff to "simple, one and two-step tasks without frequent public contact." (Tr. at 34.)

Accordingly, the ALJ's RFC accounted for the limitations identified by Dr. Skopee. See Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001) ("the ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately captures Howard's deficiencies in concentration, persistence or pace"); Davis v. Colvin, No. 1:13-cv-1185 GSA, 2015 WL 1537578, at *6 (E.D. Cal. Apr. 6, 2015) ("limiting Plaintiff to simple tasks, the ALJ adequately accounted for Dr. Martin's assessment that Plaintiff had moderate limitations in maintaining concentration, persistence, and pace").

### 3. Dr. Wendy McCray

Plaintiff also challenges that ALJ's treatment of the opinion of Dr. Wendy McCray. (Pl.'s MSJ (Dkt. No. 14) at 10-12.) In this regard, Dr. McCray examined plaintiff on March 1, 2013 and provided a "Mental Status Evaluation." (Tr. at 690-93.) The ALJ afforded "little weight" to Dr. McCray's opinion. (Id. at 39.) In doing so, the ALJ noted that Dr. McCray's opinion was "[c]ontradictorily," inconsistent, and "equivocal." (Id.)

////

The reasons offered by the ALJ constituted specific and legitimate reasons for rejecting Dr. McCray's opinion. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ permissibly rejected treating physician's opinion when opinion was contradicted by or inconsistent with treatment reports); Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992) ("inconsistencies and ambiguities" in doctor's opinion were specific and legitimate reasons for rejecting it).

Moreover, the ALJ's reasons are supported by substantial evidence in the record. In this regard, Dr. McCray's opinion noted that there "was no documentation available for review" by Dr. McCray and, therefore, the opinion "should be considered in conjunction with any other documentation that may become available," because the opinion represented "a one-time evaluation." (Tr. at 690, 692.) Dr. McCray also opined that plaintiff's ability to relate to coworkers, supervisors and the public, and maintain attention and concentration for simple and multi-step tasks was "unimpaired," while her ability to tolerate her interview and mental status testing was only "mildly impaired." (Id. at 692-93.) Nonetheless, without any explanation and in the absence of any objective findings, Dr. McCray opined that it would be "difficult" for plaintiff to "manage the stress and pressure associated with a forty-hour workweek." (Id. at 693.)

### 4. Dr. Timothy Canty

Finally, plaintiff challenges the ALJ's treatment of the opinion of Dr. Timothy Canty. (Pl.'s MSJ (Dkt. No. 14) at 12-15.) In this regard, on June 18, 2009, Dr. Canty examined plaintiff and completed a "Psychiatric Evaluation." (Tr. at 533-36.) The ALJ afforded Dr. Canty's opinion "little weight," as it was "based on a one-time examination and no review of treatment records." (Id. at 39.) However, the opinions of examining physicians are typically based on a single examination. Moreover, unlike Dr. McCray, Dr. Canty expressed no reservations about his inability to review plaintiff's treatment records.

The ALJ also discredited Dr. Canty's opinion because it was purportedly "inconsistent," based on "generally minimal findings," and "based largely on the claimant's subjective complaints with little consideration of positive objective clinical findings." (Id.)

////

> Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.  In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices in order to obtain objective clinical manifestations of mental illness . . . . [W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnoses and observations of professionals trained in the field of psychopathology.

Averbach v. Astrue, 731 F.Supp.2d 977, 986 (C.D. Cal. 2010) (quoting Sanchez v. Apfel, 85 F.Supp.2d 986, 992 (C.D. Cal. 2000)).

Moreover, unlike Dr. McCray's examination, Dr. Canty's examination did reveal objective findings and there is no reason to believe that his opinion was based largely on plaintiff's subjective complaints.  In this regard, Dr. Canty's examination revealed that plaintiff was "somewhat dazed and psychomotor retarded."  (Tr. at 534.)  That plaintiff "looked moderately depressed with a flat affect."  (Id. at 535.)  That plaintiff erred during her concentration test.  (Id.)  And despite being medicated, plaintiff "remains rather passive."  (Id. at 536.)

Also, unlike Dr. McCray's opinion, there is no inconsistency in Dr. Canty's functional assessment.  In this regard, Dr. Canty found that, while plaintiff was able to manage money, "she is too depressed to consistently work," that plaintiff would not "be able to attend regularly," and when she did attend work Dr. Canty doubted "she could maintain concentration and persistence for a full day."  (Id. at 536.)  Dr. Canty also doubted that plaintiff "could keep up with coworkers and supervisors in typical job environments."[3]  (Id.)  In this regard, the court finds that the ALJ

---

[3] The ALJ's decision noted that, despite these assessed limitations, Dr. Canty opined that plaintiff had a "GAF score of 55." (Tr. at 39.) A Global Assessment of Functioning or "GAF" score represents a present rating of overall psychological functioning on a scale of 0 to 100. See Diagnostic and Statistical Manual of Disorders, at 34 (Am. Psychiatric Ass'n, 4th Ed. 2000) ("DSM-IV"); see also Keyser v. Commissioner Social Sec. Admin., 648 F.3d 721, 723 (9th Cir. 2011) ("A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment."). "A GAF score between 51 to 60 describes 'moderate symptoms' or any moderate difficulty in social, occupational, or school functioning." Garrison v. Colvin, 759 F.3d 995, 1003 n.4 (9th Cir. 2014). However, "GAF scores are typically assessed in controlled, clinical settings that may differ from work environments in important respects." Id.

failed to offer specific and legitimate reasons supported by substantial evidence for rejecting Dr. Canty's opinion.

Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to summary judgment on her claim that the ALJ's treatment of the medical opinions offered by Dr. Daigle and Dr. Canty constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court cannot find that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

////
////
////
////

9

Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion for summary judgment (Dkt. No. 14) is granted;

    2. Defendant's cross-motion for summary judgment (Dkt. No. 16) is denied;

    3. The Commissioner's decision is reversed; and

    4. This matter is remanded for further proceedings consistent with this order.

Dated: January 9, 2017

DLB:6
DLB1\orders.soc sec\king1081.ord

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE